IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| HUSTEEL USA, INC. | § | |
| | § | |
| *vs*. | § | C. A. NO. H – 14 – 1359 |
| | § | ADMIRALTY |
| M/V TAI SUCCESS, *etc., et al.* | § | |

### *ORIGINAL COMPLAINT*

TO THE HONORABLE JUDGE OF SAID COURT:

Plaintiff Husteel USA, Inc. files this Original Complaint against Defendants, the M/V TAI SUCCESS, *in rem*, and Tai Shing Maritime Co. S.A. ("Tai Shing"), Taiwan Navigation Co. Ltd. ("Taiwan Navigation") and Daewoo Logistics Corp. ("Daewoo"), *in personam*, and respectfully will prove by a preponderance of the credible evidence:

1. This action arises from damage and loss to maritime cargos, maritime torts and/or breaches of maritime contracts. Accordingly, the Court has original jurisdiction of these admiralty and maritime claims under 28 U.S.C. §1333(1).

2. Plaintiff is a California corporation with its principal place of business in Anaheim, California.

3. At all times material and on information and belief, the M/V TAI SUCCESS was an ocean–going vessel, registered in Panama, bearing International Maritime Organization (IMO) No. 9642148, weighing approximately 34,775 gross tons, and engaged in the carriage of cargo to and/or from ports in the United States.

4. At all times material, Tai Shing owned, managed and/or operated the M/V TAI SUCCESS as a common carrier of goods by water for hire between various ports, including the Ports of Pyeongtaek, Korea and Houston.  Tai Shing is a foreign entity not authorized to do business in Texas but, at all times material, did business in Texas by carrying cargo aboard vessels to and from Texas, operating and/or managing vessels in Texas navigational waters, entering into charter parties, bills of lading and/or other contracts of carriage in Texas, entering into charter parties, bills of lading and/or other contracts of carriage to be performed wholly or partly in Texas, and/or by committing a tort in Texas, each of which constitutes doing business in Texas in accordance with §17.042 of the Texas Civil Practice & Remedies Code.  Tai Shing is a non–resident as that term is used in Subchapter C of Chapter 17 of the Texas Civil Practice & Remedies Code but has not designated or maintained a resident agent in Texas.  Alternatively, although Tai Shing may not be subject to the jurisdiction of the courts of general jurisdiction of Texas or any other state, Plaintiff's action arises under federal law and Tai Shing has sufficient national minimum contacts with the United States as a whole.  The exercise of personal jurisdiction over Tai Shing is consistent with the Constitutions and other laws of the United States and Texas.  Accordingly, serving Tai Shing with a summons is effective to establish personal jurisdiction over it.  Tai Shing can be served by serving the Texas Secretary of State.  Process or notice can be sent to Tai Shing at its home office in care of Taiwan Navigation Co. Ltd., 29, Jinan Road, Section 2, Zhongzheng District, Taipei City, 10054 Taiwan, People's Republic of China.

5. At all times material, Taiwan Navigation managed and/or operated the M/V TAI SUCCESS as a common carrier of goods by water for hire between various ports, including the Ports of Pyeongtaek and Houston. Taiwan Navigation is a foreign entity not authorized to do business in Texas but, at all times material, did business in Texas by carrying cargo aboard vessels to and from Texas, operating and/or managing vessels in Texas navigational waters, entering into charter parties, bills of lading and/or other contracts of carriage in Texas, entering into charter parties, bills of lading and/or other contracts of carriage to be performed wholly or partly in Texas, and/or by committing a tort in Texas, each of which constitutes doing business in Texas in accordance with §17.042 of the Texas Civil Practice & Remedies Code. Taiwan Navigation is a non–resident as that term is used in Subchapter C of Chapter 17 of the Texas Civil Practice & Remedies Code but has not designated or maintained a resident agent in Texas. Alternatively, although Taiwan Navigation may not be subject to the jurisdiction of the courts of general jurisdiction of Texas or any other state, Plaintiff's action arises under federal law and Taiwan Navigation has sufficient national minimum contacts with the United States as a whole. The exercise of personal jurisdiction over Taiwan Navigation is consistent with the Constitutions and other laws of the United States and Texas. Accordingly, serving Taiwan Navigation with a summons is effective to establish personal jurisdiction over it. Taiwan Navigation can be served by serving the Texas Secretary of State. Process or notice can be sent to Taiwan Navigation at its home office, 29, Jinan Road, Section 2, Zhongzheng District, Taipei City, 10054 Taiwan, People's

Republic of China.

6. At all times material, Daewoo chartered and/or operated the M/V TAI SUCCESS as a common carrier of goods by water for hire between various ports, including the Ports of Pyeongtaek and Houston. Daewoo is a foreign entity not authorized to do business in Texas but, at all times material, did business in Texas by carrying cargo aboard vessels to and from Texas, operating and/or managing vessels in Texas navigational waters, entering into charter parties, bills of lading and/or other contracts of carriage in Texas, entering into charter parties, bills of lading and/or other contracts of carriage to be performed wholly or partly in Texas, and/or by committing a tort in Texas, each of which constitutes doing business in Texas in accordance with §17.042 of the Texas Civil Practice & Remedies Code. Daewoo is a non–resident as that term is used in Subchapter C of Chapter 17 of the Texas Civil Practice & Remedies Code but has not designated or maintained a resident agent in Texas. Alternatively, although Daewoo may not be subject to the jurisdiction of the courts of general jurisdiction of Texas or any other state, Plaintiff's action arises under federal law and Daewoo has sufficient national minimum contacts with the United States as a whole. The exercise of personal jurisdiction over Daewoo is consistent with the Constitutions and other laws of the United States and Texas. Accordingly, serving Daewoo with a summons is effective to establish personal jurisdiction over it. Daewoo can be served by serving the Texas Secretary of State. Process or notice can be sent to Daewoo at its home office, 541, Namdaemun–ro 5–ga, Jung–gu, Seoul, 100–714 South Korea.

7.      On or about March 31, 2013, Plaintiff's shipper tendered in good order and condition to the M/V TAI SUCCESS, Tai Shing and Daewoo at Pyeongtaek cargos of ERW steel pipe.  the M/V TAI SUCCESS, Tai Shing and Daewoo agreed safely to receive, handle, load, stow, secure, carry, discharge and deliver at Houston the cargos in the same good order and condition as when received, in consideration of paid freight charges.  Defendants acknowledged receipt of the cargos in good order and condition and, accordingly therewith, issued various bills of lading, including Bills of Lading Nos. DWLGTSSHOU31003, 004, and 008 through 011, free of exceptions or other notations for loss or damage.

8.      Thereafter, on or about May 16, 2013, the M/V TAI SUCCESS arrived at Houston where the M/V TAI SUCCESS, Tai Shing and Daewoo discharged and later delivered the cargos, not in the same good order and condition as when received but, on the contrary, part of the cargos was dented, bent, nicked, gouged, smashed, crushed, out of round, compressed and otherwise physically damaged.  The damages and losses proximately resulted from Defendants' respective acts and/or omissions constituting negligence, breach of contract, breach of bailment and/or violation(s) of the duties of a common carrier of goods by water for hire.  Alternatively, the loss proximately resulted from the unseaworthiness of the M/V TAI SUCCESS.

9.      Alternatively but without waiving the foregoing, at all times material and on information and belief, Plaintiff's damages and loss proximately resulted from Taiwan Navigation's act(s) and/or omission(s) constituting negligence in managing and/or

operating the M/V TAI SUCCESS.

10.     Plaintiff proximately has sustained damages exceeding $25,667.09 plus interest dating from March 31, 2013, demand for which has been made upon Defendants but which they refuse to pay.

11.     At all times material, Plaintiff owned the cargos and/or brings this claim for itself and/or as agent and/or trustee for all persons or entities, including any insurer(s), which are or become interested in the cargos.

WHEREFORE, PREMISES CONSIDERED, Plaintiff Husteel USA, Inc. prays that: process in due form of law according to the practices of this Honorable Court in causes of admiralty and maritime jurisdiction issue against the M/V TAI SUCCESS, her engines, tackle, apparel, furniture, equipment, etc.; all persons claiming an interest therein be required to appear and answer under oath, all and singular, the matters aforesaid; it have judgment for its damages, interest, and costs; the M/V TAI SUCCESS be condemned and sold to satisfy the damages aforesaid; and,

This Honorable Court adjudge that Defendants, the M/V TAI SUCCESS, *in rem*, and Tai Shing Maritime Co. S.A., Taiwan Navigation Co. Ltd. and Daewoo Logistics Corp., *in personam*, are liable to Plaintiff, jointly and severally, for its alleged damages, pre–judgment interest, post–judgment interest, court costs and all other relief as justice and equity allow.

Respectfully submitted,

*SHARPE & OLIVER, L.L.P.*

By _____

    Robert C. Oliver
    State Bar No. 15255700
    S. D. Texas No. 886
    550 Westcott, Suite 230
    Houston, Texas 77007–5096
    Telephone:   (713) 864–2221
    Facsimile:   (713) 864–2228

OF COUNSEL:

R. M. Sharpe, Jr.
State Bar No. 18129000
S. D. Texas No. 889

ATTORNEYS FOR PLAINTIFF